# United States District Court
## For The Western District of North Carolina

UNITED STATES OF AMERICA

V.

MACY MCLEAN (True Name: Macy Ladonna Walker McLean)
(Name of Defendant)

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 3:02cr156-2
USM Number: 19084-058

**FILED**
ASHEVILLE, N. C.
AUG – 5 2005
U.S. DISTRICT COURT
W. DIST. OF N. C.

Claire Rauscher
Defendant's Attorney

**Date of Original Judgment:** 11/24/03
(Or Date of Last Amended Judgment)

**Reason for Amendment:**

_X_ Correction of Sentence on Remand

___ Reduction of Sentence for Changed Circumstances (Fed. R. P. 35(b))

___ Correction of Sentence by Sentencing Court (Fed. R. Crim. P.)

___ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P.)

___ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

___ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

___ Modification of Imposed Term of Imprisonment for Retroactive to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

___ Direct Motion to District Court   ___ 28 U.S.C. § 2255 or
   ___ 18 U.S.C. § 3559(c)(7)

___ Modification of Restitution Order 18 U.S.C. § 3664

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense(s):
**THE DEFENDANT:**

___ Pleaded guilty to count(s) .
___ Pleaded nolo contendere to count(s) which was accepted by the court.
_X_ was found guilty on count(s) 1s, 2s-21s, 22s-32s, 37s-52s, 53s-54s & 55s-66s after a plea of not guilty.

| Title and Section | Nature of Offense | Date Offense Concluded | Counts |
|---|---|---|---|
| 18 USC 371 | Conspiracy to defraud the United States | 9/15/00 | 1s |
| 18 USC 1343, 2 | Wire fraud; aid & abet same | 8/3/00 | 2s through 21s |
| 18 USC 1001, 2 | Make false statements to a government agency; aid & abet same | 8/3/00 | 22s through 32s |
| 18 USC 1010, 2 | Make & pass false statements and counterfeit mortgage notes to HUD; aid & abet same | 8/1/00 | 37s through 52s |
| 18 USC 1344, 2 | Bank fraud; aid & abet same | 2/24/00 | 53s, 54s |
| 18 USC 1956(a)(1)(A)(i), 2 | Money laundering with intent to promote specified unlawful activities; aid & abet same | 2/11/99 | 55s through 66s |

The Defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 reference to Booker, and 128 U.S.C. 3553(a).

_X_ The Defendant has been found not guilty on count(s) 33s-36s.
_X_ Count(s) 1-32, 37-61 (is)(are) dismissed on the motion of the United States.

**IT IS ORDERED** that the Defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay monetary penalties, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence: July 27, 2005

_/s/_
Signature of Judicial Officer

Lacy H. Thornburg
United States District Judge

Date: 8-5-05

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of <u>96 Months on Cts. 2s-21s, 53s-66s on each count to run concurrently with each other; 60 Months on Cts 1s, 22s-32s, each count to run concurrently with each and run concurrently with Cts. 2s-21s, & 53s-66s; 24 Months on Cts. 37s-52s, each count to run concurrently with each other and run concurrently with Cts. 1s-32s & 53s-66s, for a total of 96 Mos.</u>

_X_ The Court makes the following recommendations to the Bureau of Prisons:
    Defendant participate in the Inmate Financial Responsibility Program to support her dependents

_X_ The defendant is remanded to the custody of the United States Marshal.

__ The defendant shall surrender to the United States Marshal for this district:

    __ At ____ On ____.
    __ As notified by the United States Marshal.

__ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    __ Before 2 pm on .
    __ As notified by the United States Marshal.
    __ As notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ To _____

At _____, with a certified copy of this Judgment.

                                                                                      United States Marshal

                                  By: _____
                                                           Deputy Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>5 Yrs. on Cts. 2s-21s & 53s-54s, each ct. to run concurrently with each other; 3 Yrs. on Cts. 1s, 22s-32s & 55s-66s, each ct. to run concurrently with each other and run concurrently with Cts. 2s-21s & 53s-54s; 1 Yr. on Cts. 37s-52s, each ct. to run concurrently for a total of 5 Yrs.</u>.

— The condition for mandatory drug testing is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

### STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court and any additional conditions ordered.

1. The defendant shall not commit another federal, state, or local crime.
2. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.
3. The defendant shall pay any financial obligation imposed by this judgment remaining unpaid as of the commencement of the sentence of probation or the term of supervised release on a schedule to be established by the court.
4. The defendant shall provide access to any personal or business financial information as requested by the probation officer.
5. The defendant shall not acquire any new lines of credit unless authorized to do so in advance by the probation officer.
6. The defendant shall not leave the Western District of North Carolina without the permission of the Court or probation officer.
7. The defendant shall report in person to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
8. A defendant on supervised release shall report in person to the probation officer in the district to which he or she is released within 72 hours of release from custody of the Bureau of Prisons.
9. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
10. The defendant shall support his or her dependents and meet other family responsibilities.
11. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other activities authorized by the probation officer.
12. The defendant shall notify the probation officer within 72 hours of any change in residence or employment.
13. The defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as duly prescribed by a licensed physician.
14. The defendant shall participate in a program of testing and treatment or both for substance abuse if directed to do so by the probation officer, until such time as the defendant is released from the program by the probation officer; provided, however, that defendant shall submit to a drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter for use of any controlled substance, subject to the provisions of 18:3563(a)(5) or 18:3583(d), respectively.
15. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
16. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
17. The defendant shall submit his person, residence, office or vehicle to a search, from time to time, conducted by any U.S. Probation Officer and such other law enforcement personnel as the probation officer may deem advisable, without a warrant; and failure to submit to such a search may be grounds for revocation of probation or supervised release. The defendant shall warn other residents or occupants that such premises or vehicle may be subject to searches pursuant to this condition.
18. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed by the probation officer.
19. The defendant shall notify the probation officer within 72 hours of defendant's being arrested or questioned by a law enforcement officer.
20. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
21. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
22. If the instant offense was committed on or after 4/24/96, the defendant shall notify the probation officer of any material changes in defendant's economic circumstances which may affect the defendant's ability to pay any monetary penalty.
23. If home confinement (home detention, home incarceration or curfew) is included you may be required to pay all or part of the cost of the electronic monitoring or other location verification system program based upon your ability to pay as determined by the probation officer.
24. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

**ADDITIONAL CONDITIONS:**

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments.

| ASSESSMENT | FINE | RESTITUTION |
| --- | --- | --- |
| $6,200.00 | $0.00 | 23,982.881.91<br>***Total outstanding balance of Restitution due and remains in effect*** |

### FINE

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

__X__  The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

__X__  The interest requirement is waived.

__ __  The interest requirement is modified as follows:

### COURT APPOINTED COUNSEL FEES

__ __  The defendant shall pay court appointed counsel fees.

__ __  The defendant shall pay $_____ Towards court appointed fees.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

- A __ Lump sum payment of $ _____ Due immediately, balance due
  - __ Not later than _____ , or
  - __ In accordance __ (C), __ (D) below; or

- B  X  Payment to begin immediately (may be combined with __ (C), X (D) below); or

- C __ Payment in equal _____ (E.g. weekly, monthly, quarterly) installments of $ _____ To commence ____ ___ (E.g. 30 or 60 days) after the date of this judgment; or

- D  X  Payment in equal __Monthly__ (E.g. weekly, monthly, quarterly) installments of $ __50.00__ To commence _60_ (E.g. 30 or 60 days) after release from imprisonment to a term of supervision. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. Probation Officer shall pursue collection of the amount due, and may request the court to establish or modify a payment schedule if appropriate 18 U.S.C. § 3572.

Special instructions regarding the payment of criminal monetary penalties:

- __ The defendant shall pay the cost of prosecution.
- __ The defendant shall pay the following court costs:
- X The defendant shall forfeit the defendant's interest in the following property to the United States:
  Any money or property seized by the government shall be applied toward restitution.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States District Court Clerk, 401 West Trade Street, Room 210, Charlotte, NC 28202, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. All criminal monetary penalty payments are to be made as directed by the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Defendant: MACY MCLEAN (True Name: Macy Ladonna Walker McLean)  
Case Number: 3:02cr156-2

Judgment-Page 5a of 5

# RESTITUTION PAYEES

The defendant shall make restitution to the following payees in the amounts listed below:

| NAME OF PAYEE | AMOUNT OF RESTITUTION ORDERED |
|---|---|
| SEE ATTACHED | $23,982,881.91 |

- X    The defendant is jointly and severally liable with co-defendants for the total amount of restitution.

- X    Any payment not in full shall be divided proportionately among victims.

DEFENDANT SHALL BE CREDITED WITH ALL PAYMENTS MADE ON RESTITUTION SINCE THE DATE OF THE ENTRY OF THE ORIGINAL JUDGMENT.

ANY MONIES RECEIVED SHALL BE APPLIED TOWARD THE RESTITUTION VICTIMS BEFORE GOVERNMENT NATIONAL MORTGAGE ASSOCIATION.

# RESTITUTION PAYEES

The defendant shall make restitution to the following payees in the amounts listed below:

| NAME OF PAYEE | AMOUNT OF RESTITUTION ORDERED |
| --- | --- |
| Government National Mortgage Association | 23,982.881.91 |
| Charles Hunter | 7,351.00 |
| Brenda Allen Harvey | 1,681.20 |
| Paulette Bibbs | 1,394.16 |
| Erika M. Williams | 1,461.73 |
| Robert Clark | 1,286.95 |
| Sandra Ann Miller | 1,350.81 |
| Shaundra M. Wright | 1,562.87 |
| Jay Alan Gunn | 1,603.55 |
| Oscar J. Burden | 1,177.37 |
| Kevin D. White | 1,617.32 |
| Admin Shareef | 1,342.12 |
| Ronnie H. Jones | 2,035.19 |
| Kerry V. Murphy | 2,259.00 |
| Ernest B. Ward | 3,186.00 |
| Joni W. Bunton | 1,525.61 |
| Tamar L. Connor | 1,964.27 |
| Willie Simpson | 2,644.42 |
| Rhonda N. Feamster | 45,609.82 |
| Joseph Spencer, Jr | 1,945.23 |
| Wanda D. Williams | 1,583.19 |
| Everette McCain | 1,956.48 |
| Phillip Wayne Helms | 1,978.98 |
| Randall L. Coppley | 1,707.05 |
| Helen Pate | 1,442.47 |
| Michael Arrowood | 2,229.39 |
| Jerry Jenkins | 1,754.10 |
| Tiffany Smith | 3,278.38 |
| Carolyn Walker | 1,396.50 |
| Clovis G. Kinser | 4,770.00 |

| Name | Amount |
|---|---|
| Janet Moore | 1,863.00 |
| Eric Etchison | 1,732.36 |
| Warren Reid | 2,936.74 |
| Charles Hill | 2,498.46 |
| Alan Bashus | 2,190.19 |
| Cynthia Elliot | 3,000.00 |
| Christopher Daughtery | 2,261.49 |
| Troy Tomlinson | 1,679.44 |
| Tommie Brown | 2,292.79 |
| Elizabeth Sanders | 1,860.05 |
| Phyliss G. Nelson | 1,656.45 |
| Joyce Schronce | 2,001.69 |
| Waddell Sheppard | 1,730.07 |
| Kenneth Hartford | 2,315.56 |
| Robert Lopes, Jr | 2,350.03 |
| Nasif Majeed | 1,768.20 |
| Jerry Allen | 2,340.00 |
| Carl Beel | 1,805.42 |
| Jess Rayburn | 2,130.36 |
| Miriam Hemphill | 2,551.38 |
| Terry Privette | 1,777.23 |
| Thomas Graffo | 2,147.62 |
| Georgia Godsey | 1,821.55 |
| Mark Cooper | 2,041.89 |
| Yvonne Campbell | 2,092.41 |
| Katrina McCall | 2,248.85 |
| Lelan Coleman | 1,965.48 |
| Charles Brown, Jr | 1,537.04 |
| Robert Halbert | 2,608.67 |
| Timothy Haley | 1,799.10 |
| Ronald E. Gibson | 2,093.80 |
| Linda Gaines | 1,563.23 |
| Antoine Archie | 1,519.56 |
| Glen Brisson | 4,743.18 |
| Charles Yon | 1,574.19 |
| Ella Berry | 1,505.74 |
| Bryant Sutton | 785.52 |

| Name | Amount |
|---|---|
| Laramie Thompson | 1,554.48 |
| Stacey Smith | 1,857.39 |
| Paul Seabolt | 1,911.51 |
| Victor Gonzales | 2,516.26 |
| Alfredo Martinez | 2,361.28 |
| Kevin Jackson | 2,563.69 |
| James Beatty | 2,817.06 |
| Brian Boyce | 2,091.33 |
| Kristy Shelly | 2,036.56 |
| Trevis Alexander | 3,148.40 |
| Ronald Phillips | 2,030.58 |
| Linda McDaniel | 2,001.46 |
| Scottie Watkins | 1,911.51 |
| Kimberly Dalrymple | 1,690.94 |
| Donald McDaniel | 1,571.94 |
| Shirley Gamble | 1,854.38 |
| James Pritchard | 1,849.29 |
| William Dulin | 2,125.89 |
| Don Palmer | 1,858.95 |
| Luther Mcartha III | 961.87 |
| Gretta Calhoun | 864.09 |
| Rosa Brakefield | 1,068.25 |
| Jacqueline McCumiskey | 1,222.31 |
| Christopher Randall | 1,122.75 |
| Marion Mitchum III | 1,304.95 |
| Marvin Lollis | 733.59 |
| Johnnie Tyson | 1,194.48 |
| Claudette Horton | 987.70 |
| Damien Huerta | 1,023.75 |
| Debbie Gresham | 634.86 |
| Tara Murphy | 1,096.51 |
| Kathleen Woodward | 1,597.99 |
| Lillie Young | 1,029.66 |
| Rosa Hilton | 1,093.50 |
| Edgar Clarke | 1,027.86 |
| Natasha Gibson | 860.40 |
| Gerald Wilkes | 1,074.17 |

| Name | Amount |
|---|---|
| Sabrenia Lemon. | 1,093.50 |
| Vicky Freeman | 1,458.00 |
| Teresa Watson | 872.52 |
| Jack Lingerfelt | 1,073.76 |
| Melissa Harris | 1,093.16 |
| Rodney Honeycutt | 1,374.30 |
| David Dugger | 1,454.35 |
| Janice Martin | 1,090.75 |
| Shawnda Horry | 1,218.91 |
| Lorenzo Vaughn | 1,093.50 |
| Melissa Davis | 1,452.55 |
| Benjamin Brown | 1,458.00 |
| Tara Brooks | 1,079.66 |
| Artley Pullam | 1,477.21 |
| Eugene White | 1,376.43 |
| Annie Fuller | 1,332.72 |
| Michael Bledsoe | 1,215.65 |
| Gerald Bryant | 1,456.92 |
| Mark Morrison | 1,674.04 |
| Milton Enlow | 1,362.19 |
| William Surratt | 1,385.10 |
| Willow Wilcox | 2,057.69 |
| Kimberly Evans | 1,191.75 |
| Patrick Reinhhardt | 1,574.19 |
| Joey Byrd | 1,889.03 |
| Mario Gutierrez | 2,011.88 |
| David Dolin | 2,337.68 |
| Guillermo Uriostegui | 1,876.68 |
| Joseph Perry | 2,080.17 |
| Marvin Hartley | 1,452.75 |
| Thomas Davis | 2,763.76 |
| Robert Barrett | 1,641.48 |
| Wanda Lytle | 1,346.10 |
| Willie Simmons | 1,458.00 |
| Billy Campbell | 3,500.00 |
| Ollie Kimbrough | 2,024.01 |
| John Parks | 1,450.53 |

| Name | Amount |
|---|---|
| Wanda Lytle | 1,385.25 |
| Kim Mentock | 2,314.62 |
| Tommie Dickerson | 2,132.88 |
| Martin Rodriguez | 2,586.17 |
| Daisy Littlejohn | 3,261.00 |
| James Wallace | 1,748.11 |
| Bruce Lineberry | 2,113.92 |
| Rene Reyes | 2,063.65 |
| Lela Gissendanner | 21,555.00 |
| Tannunika Marshall | 24,000.00 |
| Andres Sanchez | 2,395.00 |
| Gloria Braswell | 1,418.40 |
| Cheryl Harris | 3,311.68 |
| Elvis Ramirez | 2,237.60 |
| Claudio Inga | 2,443.25 |
| George Padgett | 1,718.12 |
| Earl Brewster | 2,141.23 |
| Keith Stewart | 2,966.83 |
| Ronald Bell | 980.59 |
| Richard Soleau | 2,256.18 |
| Franklin Drewery | 3,500.00 |
| Charles Womak | 1,456.29 |
| Erica Darnell | 2,105.05 |
| Efren Gomez | 1,940.55 |
| Warren Harper | 1,830.12 |
| Kristen Hughes | 1,765.32 |
| Yakuba Suleiman | 2,097.69 |
| Charlene Carter | 1,908.36 |
| Ronald Jones | 1,879.15 |
| William Burns | 1,694.00 |
| Alex Sims | 2,327.55 |
| Linda Mormon | 1,312.20 |
| Margaret Cook | 2,173.29 |
| Shawn Warlick | 2,365.11 |
| George Miller | 1,868.78 |
| Gary Lineberger | 1,993.81 |
| Dennis Dean | 2,430.83 |

| Name | Amount |
|---|---|
| Alejandro Sachez | 2,361.28 |
| Jamal Paige | 3,121.85 |
| Theodore Flores | 1,563.72 |
| Jorge Morales | 1,911.80 |
| James Graham | 1,529.21 |
| Loretta Waycott | 1,404.51 |
| Lautrecia Smith | 1,539.11 |
| Roberta Dupont | 1,349.30 |
| Todd Jones | 1,447.08 |
| Theodore Flores | 857.88 |
| Jimmy Kirksey | 1,113.41 |
| Fred Watts | 1,086.45 |
| Jerry Rouse | 1,093.50 |
| Regenia Haynes | 1,057.74 |
| Nicole Means | 780.61 |
| Rodrigo Pastrano | 1,060.20 |
| Rocky Koua | 945.00 |
| Syrie Moore | 1,093.50 |
| Tramekia Collins | 1,043.64 |
| Raymond Mabe | 1,323.78 |
| Nellie Melton | 940.02 |
| Anthony Kinard | 631.62 |
| John Betenbaugh | 924.03 |
| Johnny Mathis | 1,090.59 |